UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALVADOR OJEADA-AMARILLAS, | Civil Action No. 23-1155 (KMW) |
| Petitioner, | |
| v. | MEMORANDUM ORDER |
| STEVIE M. KNIGHT, | |
| Respondent. | |

This matter comes before the Court on the habeas petition filed by Petitioner Salvador Ojeda-Amarillas. (ECF No. 1.) As Petitioner has now paid the applicable filing fee (ECF Docket Sheet), this Court is required to screen his petition pursuant to Rule 4 of the Rules Governing Section 2254 cases, applicable to § 2241 petitions through Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under this Rule, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

In his habeas petition, Petitioner asserts only that he is seeking to file an "emergency motion for immediate release challenging the conditions of confinement pursuant to [habeas] corpus [§] 2241, Eighth Amendment and Covid-19 pandemic." (ECF No. 1 at 2, 3.) Although it is clear that Petitioner is seeking to challenge his conditions of confinement, he provides no details whatsoever about what those conditions are, or why he believes they are constitutionally deficient.

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Rule 2(c) of the Rules Governing Section 2254 Cases requires that a habeas petitioner in his petition "specify all the grounds for relief available to the petitioner [and] state the facts supporting each ground." Under the rule, a petitioner must present specific,

1

particularized facts in the petition itself to "enable the [district] court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." *See Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990); *see also Bullard v. Chavis*, 153 F.3d 719 (4th Cir. 1998); *Moorefield v. Grace*, No. 06-541, 2007 WL 1068469, at *2 (W.D. Pa. Apr. 5, 2007). Because Petitioner's habeas petition is devoid of any factual allegations regarding the allegedly deficient conditions of confinement,[1] his petition fails to meet the requirements of Rule 2(c) and must be dismissed without prejudice as such. However, Petitioner is granted leave to file an amended petition containing any grounds for relief Petitioner intends to raise, including the facts supporting those grounds, within thirty days.

**IT IS THEREFORE** on this 14th day of August, 2023,

**ORDERED** that the Clerk of the Court shall re-open this matter for the purposes of this Order only; and it is further

**ORDERED** that Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to meet the habeas pleading requirements; and it is further

---

[1] Although the Court need not reach the issue at this time in light of Plaintiff's failure to meet the habeas pleading requirements, the Court notes that conditions of confinement claims are not normally available as claims for relief in a habeas proceeding, and habeas may generally not be used in the place of a compassionate release motion filed pursuant to 18 U.S.C. § 3582. *See, e.g. Goodchild v. Ortiz*, No. 21-790, 2021 WL 3914300, at *15-16 (D.N.J. Sept. 1, 2021), *Suggs v. B.O.P. Cent. Office*, No. 08-3613, 2008 WL 2966740, at *3-4 (D.N.J. July 31, 2008). The Court also notes that Petitioner states in his habeas petition that he did not file any grievances, motions, or applications prior to filing his habeas petition. In the ordinary course, however, a prisoner may not seek relief through a habeas petition until he has exhausted all available administrative remedies, and the failure to seek such remedies prior to filing a habeas petition will therefore ordinarily result in the petition being dismissed without prejudice. *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Should Petitioner choose to file an amended petition, he should clarify what steps, if any, he has taken to exhaust his claims.

3

**ORDERED** that Petitioner is granted leave to file an amended petition containing any grounds for relief he intends to raise and the facts supporting those grounds within thirty days; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail, and shall **CLOSE** the file.

Hon. Karen M. Williams,
United States District Judge